UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MT. HAWLEY INSURANCE
COMPANY,

      Plaintiff,

v.                                            Case No. 8:15-cv-2966-T-24 TGW

THE LANDINGS OF TAMPA
CONDOMINIUM ASSOCIATION, INC.,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss and for Attorneys' Fees. (Doc. No. 6). Plaintiff opposes the motion. (Doc. No. 9). As explained below, the motion is denied.

## I. Background

The instant case is a declaratory judgment action brought by Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") against its insured, Defendant The Landings of Tampa Condominium Association, Inc. ("Landings"). Mt. Hawley seeks a declaratory judgment that: (1) its insurance policies do not cover Landings' claim for property damage; (2) the election of remedies doctrine precludes Landings' claim against Mt. Hawley; and (3) the doctrine of judicial estoppel precludes Landings' claim against Mt. Hawley.

Mt. Hawley alleges the following in its complaint (Doc. No. 1): Mt. Hawley issued commercial property insurance policies to Landings that were in effect from December 31, 2008 through December 31, 2014, which covered Landings' condominiums. (¶ 36). Originally, Landings' property was an apartment complex, but in 2005 and 2006, a developer converted the

apartments into condominiums. (¶ 16). Thereafter, there were various repair requests and complaints regarding rotting wood, standing water, and drainage problems. (¶ 18). Landings retained an engineer that confirmed the existence of wood rot damage, water damage, and termite infestation, and the engineer opined that this damage existed at the time that the apartments were converted into condominiums in 2005 and 2006. (¶ 24, 25).

On June 9, 2011, Landings submitted a claim to Mt. Hawley for structural damage caused by termites. (¶ 26). Mt. Hawley denied the claim, because the damage occurred prior to December 31, 2008, when Mt. Hawley first issued the policies to Landings. (¶ 28). Additionally, Mt. Hawley noted that policy exclusions applied, such as rot and insect infestation exclusions. (¶ 28).

On August 7, 2013 and October 10, 2013, Landings filed Civil Remedy Notices ("CRNs") against Mt. Hawley regarding its property damage claim. (¶ 29). Thereafter, on December 30, 2013, Landings filed suit against Mt. Hawley in state court regarding its property damage claim. (¶ 30). Landings did not serve Mt. Hawley with the complaint in that suit until November 20, 2014, and Mt. Hawley removed the case to this Court on December 19, 2014.[1] (¶ 30). On August 18, 2015, Landings voluntarily dismissed its case against Mt. Hawley without prejudice. (¶ 30).

On September 11, 2013 (which is during the time that Landings was filing its CRNs against Mt. Hawley), Landings filed suit against two other insurers that had insured Landings from December 31, 2006 through December 31, 2007. (¶ 31). In that lawsuit, Landings sought to recover from those insurers the same amount that it sought to recover from Mt. Hawley

---

[1]The case number for that lawsuit is 8:14-cv-3169-T-24 JSS.

($7,087,939).  (¶ 32).  That lawsuit settled on the eve of trial.  (¶ 32).

Landings also separately made demands to two other insurers that had insured its property from December 31, 2004 through December 31, 2006 and from December 31, 2007 through December 31, 2008.  (¶ 33).  Additionally, Landings filed suit against Truly Nolen of America, the termite service provider for Landings, and that suit is still pending.  (¶ 34).

Despite dismissing its lawsuit against Mt. Hawley on August 18, 2015, Landings filed a third CRN against Mt. Hawley on November 10, 2015, which essentially reasserted the property damage claim that it had just dismissed.  (¶ 35).  As a result, on December 31, 2015, Mt. Hawley filed the instant declaratory judgment action asking this Court to declare that it owes no coverage to Landings and is not responsible for any damage under its policies.  (¶ 35).

In response to the complaint, Landings filed the instant motion to dismiss, arguing that there is no actual case or controversy between the parties.  As such, Landings asks this Court to dismiss this case for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and to award it its attorneys' fees.

**II.  Standard of Review**

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  As explained by the Supreme Court:

> A 'controversy' in this sense must be one that is appropriate for judicial determination.  A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot.  The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.  It must be a real

> and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. Where there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged, the judicial function may be appropriately exercised although the adjudication of the rights of the litigants may not require the award of process or the payment of damages.

Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937)(internal citations omitted).

Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial attacks and factual attacks. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990). In this case, Landings asserts a factual attack on this Court's subject matter jurisdiction, and as such, this Court may consider matters outside of the pleadings when ruling on this motion. See id. at 1529. Furthermore, this Court is free to weigh the evidence in order to determine whether it has subject matter jurisdiction over this case. See id. (citations omitted).

**III.  Motion to Dismiss**

Landings moves to dismiss this case, arguing that there is no actual case or controversy; there is only the mere possibility of a potential future action. Landings argues that Mt. Hawley is seeking an advisory opinion regarding insurance coverage, because Landings is not currently pursuing its insurance claim against Mt. Hawley. Landings points out that although it filed a third CRN against Mt. Hawley on November 10, 2015, it withdrew that CRN on February 5, 2016.  (Doc. No. 6, p.6).

Mt. Hawley responds that there is an actual case or controversy, despite Landings' withdrawal of its November 10, 2015 CRN against Mt. Hawley.  Specifically, Mt. Hawley points

4

to the fact that Landings also filed a CRN on November 10, 2015 against Rockhill Insurance Company ("Rockhill"), the excess insurer providing coverage above Mt. Hawley's $5 million limit, for the same property damage. (Doc. No. 9-3). Landings has not withdrawn the CRN against Rockhill, and in fact, on February 11, 2016, Landings submitted a sworn proof of loss for more than $5.2 million to Rockhill. (Doc. No. 9-4). Mt. Hawley argues that if Landings was not pursuing its claim against Mt. Hawley, it could not pursue a claim against Rockhill, the excess insurer.

As further proof that there is an actual case or controversy, Mt. Hawley points out that Landings asked Mt. Hawley to dismiss the current declaratory judgment action, and Mt. Hawley agreed to do so in exchange for a complete release from Landings. Landings refused to provide Mt. Hawley with a complete release. Accordingly, Mt. Hawley argues that based on Landings' conduct—pursuing a claim against the excess insurer and refusing to release its claim against Mt. Hawley—there is an actual case or controversy between the parties. The Court agrees with Mt. Hawley.

"A case or controversy must exist at the time the declaratory judgment action is filed." GTE Directories Publishing Corp. v. Trimen America, Inc., 67 F.3d 1563, 1568 (11th Cir. 1995)(citations omitted). At the time that Mt. Hawley filed the complaint in this case on December 31, 2015, Landings had previously submitted CRNs against Mt. Hawley and Rockhill one-and-a-half months earlier and had not yet withdrawn its CRN against Mt. Hawley. Such shows that Landings was pursuing its property damage claim against Mt. Hawley at the time that Mt. Hawley filed its complaint. Mt. Hawley does not need to wait to be sued by Landings before the Court can find that an actual case or controversy exists between them. See American Ins.

5

Co. v. Evercare Co., 430 Fed. Appx. 795, 799 (11th Cir. 2011).

Furthermore, the fact that Landings withdrew its CRN against Mt. Hawley after Mt. Hawley filed suit does not change this Court's conclusion, because Landings is still pursuing recovery from Rockhill, the excess insurer. In order to recover from Rockhill, Landings will have to first recover from Mt. Hawley.

Therefore, this Court finds that an actual case or controversy exists, and thus, this Court has subject matter jurisdiction. As such, the Court denies Landings' motion to dismiss and also denies Landings' request for attorneys' fees in connection with the motion to dismiss.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and for Attorneys' Fees (Doc. No. 6) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 18th day of March, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record